Meier Steinbrink,
Spec. Ref. This action was brought by a subcontractor against Tilden Construction Corp., hereafter referred to as Tilden and various subcontractors, the surety on payment and performance bonds and others to establish the claims of the subcontractors and materialmen arising out of a public improvement contract with the Board of Education. The surety Continental Casualty Co., hereafter referred to as Continental, cross-claims against defendant Ruth Factors, hereinafter referred to as Factors. The cross claim is set up in paragraphs 15-31 inclusive of Factors’ amended answer and cross claim and issue was joined by Factors’ answer to the cross claim. The issues in the main action have heretofore been resolved by an interlocutory judgment and Continental has paid the claims of the subcontractors to the extent of $85,934.23 and has taken assignments to it of these claims. For practical purposes the remaining issues may be regarded as an action by Continental against Factors.
Tilden had entered into a contract with the Board of Education for the improvement of a school and in connection therewith Continental executed its payment and performance bonds. Tilden defaulted in the payment of labor and materials claims and also in performance, and Continental was called upon and did complete the contract at a loss to it and also was called upon to pay the subcontractors’ claims to the extent of $85,934.23 aforesaid.
*1096 It appears that theretofore and on July 27, 1961 Tilden had entered into an agreement with Factors in the nature of an all-moneys assignment pursuant to which Tilden’s contract with the Board of Education was, with the approval of said board, assigned to Factors, who agreed to make available to Tilden out of the moneys received by Factors the funds to pay subcontractors according to claims approved by Tilden. There were other provisions contained therein as to payment to others which I deem inapplicable to the issue here since Factors seeks no credit with reference thereto.
It has been stipulated that the Board of Education of the City of New York paid to Factors in six separate payments a total of $117,909. Factors, in turn, paid out in excess of this amount for the account of Tilden. It is contended by Continental that Factors may not be credited with any part of the funds paid out by them and must be held to have diverted $117,909 trust funds and thus is liable to Continental for the $85,934.23 which Continental paid to subcontractors. It claims this is so as a matter of law because no “ Notice of Lending” was filed as provided by subdivision 3 of section 73 of the Lien Law, which notice should have contained, among other things, “ the maximum amount of advances made and to be made pursuant to the notice ” and that, under subdivision 1 of section 73 of the Lien Law, Factors may not be credited for advances actually applied for trust purposes. I cannot agree. Continental concedes in its proof that a contractor may finance through a lender or factor by an all-money assignment provided the assignment is filed under section 16 of the Lien Law and contains a covenant required by section 25 thereof, but argues that payments thereunder are protected only if the notice of lending under subdivision 3 of section 73 is filed stating the amount advanced and to be advanced in a dollar amount. The difficulty with this contention is that it would require the filing of a notice of lending stating the amount advanced or to be advanced as a sum at least equal to each payment to be received from the board under the assignment. Certainly there never was a lending of any such sum. The filing of such a statement would be false. At no time was there more than a comparatively small sum due to Factors which might be said to have been loaned by them to Tilden and Factors is not seeking credit for any excess paid out and owing to it. I do not believe this is a situation contemplated by the statute. "What was done here is that Factors, in effect, undertook to act as bank or disbursing agent for Tilden and to see to it that funds received from the Board of Education were applied to the payment of trust claims. A different situation *1097 might exist had Factors sought to take credit for loans or payments to others than trust beneficiaries in which case a notice of lending would be essential. I am satisfied and so find that a sum in excess of $117,909 received by Factors under the assignment was in fact paid to trust beneficiaries as directed and approved by Tilden and that Factors was a mere depository or conduit for this purpose and that there was no diversion of trust funds.
In passing it should be noted that the assignment of contract and moneys due thereunder was properly filed with the same officers with whom a notice of lending, if required, would be filed. If the purpose of a notice of lending is to give notice to subcontractors, the filing of the money assignment would appear to be notice that the proceeds had been assigned and any contractor thus warned could have demanded a full statement of actual advances (see Lien Law, § 73, subd. 4).
The result contended for by Continental would be highly inequitable. No controlling authority has been cited and I can find none. American Blower Corp. v. James Talcott, Inc. (10 N Y 2d 282) and Merit Plumbing & Heating v. Eastern Nat. Bank (221 N. Y. S. 2d 143) are clearly distinguishable. In American Blower Corp. v. James Talcott, Inc. (supra), a private improvement was involved and the assignment was not filed, as required by section 15 of the Lien Law and, therefore, was held to be invalid for any purpose. This is so stated in the statute. Here section 16 — the section applicable to public improvement — was complied with and the assignment was filed with the proper authorities. In Merit Plumbing & Heating v. Eastern Nat. Bank (supra), the bank, to whom the contractor turned over a $22,000 check received from the school board and made payable to the contractor and the bank, was held liable only for the $9,000 which it applied to loans owing to it by the contractor, but not for the $13,000 paid out to the subcontractors. It was there held that there had been no showing that any part of the $9,000 was applied for trust purposes, as indeed it had not. Here it has been shown that all of the $117,909 was applied for trust purposes. It is interesting to note the statement there (p. 146): “it is true that actual notice might substitute for constructive notice ”. Here it is likely that Continental and the subcontractors and lienors had actual notice of the transaction with Factors since Factors’ checks were paid to them in connection with this school job and the assignment was filed.
Accordingly, I grant judgment on the cross claim in favor of defendant Ruth Factors against the Continental Casualty Co., dismissing the cross claim. No costs will be allowed.