G. Robert Witmer, J.
The plaintiff has moved pursuant to CPLR 3211 (subd. [b]) for an order dismissing the first, second and third affirmative defenses contained in the amended answer of the defendant Central Trust Company of Rochester. The complaint contains nine causes of action under the Lien Law to compel the defendant to pay to the plaintiff the amounts which the plaintiff has expended under performance bonds given by H. P. Lenhard & Sons, Inc. (Lenhard), on which plaintiff was surety, in connection with nine construction contracts. The first contract (the first cause of action) was made in 1958, and the Lien Law as it existed prior to September 1,1959 applies thereto. The remaining eight contracts, severally treated in causes of action numbered second through ninth, were made after September 1,1959, and article 3-A of the Lien Law applies to them. The gist of these nine causes of action is that in violation of the trust provisions of the Lien Law contractor Lenhard diverted to the defendant moneys in excess of plaintiff’s total expenditures of $366,925.40 (including 2 bond premiums owing to plaintiff), paid by plaintiff in fulfillment of its surety obligations on said bonds. The plaintiff claims that Lenhard received such moneys in payment for work performed and materials furnished under said contracts, and that the moneys should have been, but were not, used to pay such creditors on the respective jobs. The plaintiff alleges that by reason of such diversion and Lenhard’s bankruptcy in 1962, it was required to pay for labor and materials on said jobs amounts totalling the above-stated sum.
Under former section 25-a and present article 3-A of the Lien Law funds received by a contractor for improvements such as were involved in the contraéis Underlying these causes of action constitute trust moneys. The plaintiff alleges that Lenhard paid said moneys to the defendant “ for the purpose of securing *851 or paying defendant * * * claims not arising out of said improvement(s) that the defendant received the moneys knowing that they were trust funds; and that under the law the defendant is liable to the plaintiff to the extent of the moneys plaintiff was compelled to expend under its said bonds. Inherent in plaintiff’s complaint is the charge that defendant failed either to file an assignment under sections 15 or 16 of the Lien Law or a “ Notice of Lending ” under section 73 of article 3-A of said law, and hence that by virtue of the strict and necessary construction of the Lien Law defendant is barred from any explanation of the ultimate use of the proceeds of the contracts; and that it must repay the amounts of the diversions to the extent of creditor losses, even though it means double repayment of such moneys.
In addition to making a general denial in its amended answer, defendant interposed the three affirmative defenses to which this motion is addressed. In the first defense defendant alleges that prior to 1958 Lenhard and defendant entered into a revolving credit arrangement whereby Lenhard from day-to-day turned all of its business receipts over to the defendant as a matter of banking and business convenience; that immediately upon receipt of such payments defendant credited Lenhard’s business checking account with the amount thereof, which account was within Lenhard’s exclusive control; and that all of such sums were paid to contract beneficiaries under the respective statutory trusts as provided by law.
The second defense includes substantially all that is in the first defense and adds the allegations that the defendant loaned to Lenhard $305,000 which was also used by Lenhard for such trust purposes, and that there was in fact no diversion of contract trusts moneys.
In the third defense defendant alleges that whenever the plaintiff wrote a bond for Lenhard on the several nine jobs, the plaintiff contacted the defendant and asked about the financing arrangements between Lenhard and defendant; that on each occasion defendant explained them to the plaintiff fully, including the current status thereof; that plaintiff was completely informed about such transactions, acquiesced in the method used and in effect encouraged the defendant to continue it as a safety factor; and that hence the plaintiff is equitably estopped from objecting thereto or suing to recover by reason thereof.
Defendant has not raised, and for the purposes of this motion has waived, the available objection to the first cause of action that it lacks an allegation that defendant knew when it received the diverted funds that there were unpaid trust creditors. (See *852 Aquilino v. United States of America, 10 N Y 2d 271, 276; Raymond Concrete Pile Co. v. Federation Bank & Trust Co., 288 N. Y. 452; Utica Sheet Metal Corp. v. Schecter Corp., 47 Misc 2d 290, 293.)
Regardless of the merits of the first and second affirmative defenses, they are unnecéssary because the defenses therein may be asserted under the general denial. The plaintiff does not question them on that basis, however, but in the interests of shortening, if not averting, trial of this action, wishes to have the court rule now that such defenses are insufficient as a matter of law. In other words, the plaintiff assumes that if these two defenses are sufficient, it ■ is helpful to plead them specially, to delineate the issues in supplement of the general denial, and the court will so treat them. (Schwartz v. Compania Azucarera Vertientes-Camaguey De Cuba, 14 A D 2d 582; Caristo Constr. Corp. v. Diners Fin. Corp., 45 Misc 2d 549, 555.)
It is elementary that upon a motion to strike a pleading as insufficient in law the court must assume the truth of every allegation in such pleading and every inference reasonably to be drawn therefrom. (Garvin v. Garvin, 306 N. Y. 118, 120.) Hence, the court must assume for the purposes of this motion alleged facts which may be difficult to believe and difficult for the defendant to establish upon the trial. (See Caristo Constr. Corp. v. Diners Fin. Corp., supra, p. 554.) It is noted that this is not a motion for summary judgment; and failure of the defendant to support its allegations with evidentiary facts is not significant. Thus, we must assume on this motion that despite the admitted diversions of contract trust funds to the defendant, on the occasion of. each diversion the defendant immediately placed in Lenhard’s business checking, account a sum equal to, or greater than, the amount of the diversion, and that such funds were available to Lenhard to use in his business for the contract trtist purposes and were in fact so applied by Lenhard upon the respective contracts as provided by law. The only issue on this motion, therefore, is one of law, namely, may the defendant be held liable to the plaintiff for the amount claimed in these circumstances wherein the plaintiff has suffered no financial loss whatsoever by reason of defendant’s financing arrangements with Lenhard and' its acts pursuant thereto, on the sole basis that the defendant was guilty of a technical breach of trust and momentary diversion of trust assets? (See Mannarino v. President & Directors of Manhattan Co., 160 Misc. 232, 235.)
The applicable provisions of the Lien Law were enacted to protect suppliers of labor and materials to contractors under *853 covered contracts from diversion of funds which by reason of such diversion are not used to pay creditors on such jobs (Lien Law, § 72; Aquilino v. United States of America, 10 N Y 2d 271, 278-279, supra; Merit Plumbing & Heating v. Eastern Nat. Bank, 221 N. Y. S. 2d 143, 146), and to place upon a lender to the contractor 1 ‘ the burden of showing that the advances * * * were actually used to pay trust claims.” (1959 Report of N. Y. Law Rev. Comm., p. 216.) Under the affirmative defenses in this action there was no such diversion. (United Lakeland Air Conditioning Co. v. Ahneman-Christiansen, 18 A D 2d 1022; Caristo Constr. Corp. v. Diners Fin. Corp., 45 Misc 2d 549, 554, supra; Trinca & Assoc. v. Tilden Constr. Co., 44 Misc 2d 1094.) Moreover, with respect to the first cause of action, which is subject to law existing prior to September 1, 1959, it is proper to prove that diverted funds have been replaced and the trust purposes fulfilled (United Lakeland Air Conditioning Co. v. Ahneman-Christiansen, 33 Misc 2d 606, 613, affd. 18 A D 2d 1022, supra), which amounts to a showing that a temporary diversion has been corrected. In any event, therefore, this defense is good as against the first cause of action.
The court observes in passing that the defendant should receive no merit award for completely ignoring and at least technically violating the express provisions of article 3-A of the Lien Law. But if the defendant proves these defenses, its punishment for the infraction will be the expense of this lawsuit and not liability to the plaintiff, which will have lost nothing by reason of the alleged improper financial dealings. By reason of its violation, the defendant has subjected itself to this lawsuit and the burden of proving the truth of its affirmative defenses. The law is not designed to impose a penalty upon a violator so as to create a windfall of double repayment for creditors.
It is noted here that the defendant asserts that it never claimed these contract funds under assignment to it as a creditor by virtue of other claims, and hence that it deemed filing an assignment under sections 15 or 16 of the Lien Law inappropriate.
In addition to the contention that the plaintiff suffered no loss by reason of the technical diversions, the defendant alleges that the plaintiff had actual knowledge thereof, which, as to the plaintiff, took the place of a “notice of lending” which was not filed. As surety, the plaintiff had creditor status from the beginning (United States Fid. & Guar. Corp. v. Triborough Bridge Auth., 297 N. Y. 31, 35, 36) and, although plaintiff’s knowledge, at the times it became surety for Lenhard, of the *854 financial transactions between defendant and Lenhard cannot excuse defendant’s failure to file and its disregard of the Lien Law, under the circumstances of the allegations of the third defense, the plaintiff may be equitably estopped to claim damage against the defendant. (Electrolux Corp. v. Val-Worth, 6 N Y 2d 556, 564; White v. La Due & Fitch, 303 N. Y. 122, 128; Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458, 461, 464.) This is especially true with respect to the portion of plaintiff’s claim which comprises unpaid bond premiums. And the fact that as surety the plaintiff later became assignee of the rights of innocent trust creditors (United States Fid. & Guar. Corp. v. Triborough Bridge Auth., supra) cannot divest it of its prior knowledge and place it completely in the position of such assignors. (Gruntal v. United States Fid. & Guar. Co., 254 N. Y. 468, 473; Harter v. Peoples Bank of Buffalo, 221 App. Div. 122, 127.) The third defense is, therefore, sufficient.
Despite the denial of this motion on the law, the court cannot condone the open violation of article 3-A of the Lien Law by the defendant, which has given rise to this lawsuit and motion. If the defendant believes that the law is impracticable (see Trinca Assoc. v. Tilden Constr. Co., 44 Misc 2d 1094, 1096, supra) and should be amended, it should endeavor to have it changed, and not merely ignore and disobey it. Costs of the motion, therefore, are awarded to the plaintiff.