■ McMANUS, LONGE, BROCKWEHL, INC., Appellant, v. EDWARD D. PALMER, as Receiver, et al., Respondents. STATE OF NEW YORK, Defendant and Interpleading Plaintiff, v. McMANUS, LONGE, BROCKWEHL, INC., et al., Interpleaded Defendant.— REYNOLDS, J.   Appeal from an order and judgment of the Supreme Court, Albany County, denying the State's motion for interpleader pursuant to CPLR 1006, discharging the State from further liability, dismissing the appellant's complaint upon the ground it fails to state a cause of action (CPLR 3211, subd. [a], par. 7), and directing the State to pay over the amount involved to respondent (CPLR 3211, subd. [c]). Involved here is a question of the priority between the claims of appellant, who renovated and made alterations to the leased premises, and respondent, a receiver in a foreclosure action brought by a prior mortgagee, to $9,724.49, representing additional rent for the first three months of the term, which the State, by the terms of its lease with the owner, agreed to pay and which is stated by the lease to represent the tenant's contribution toward certain alterations required by the tenant. Appellant asserts priority on the grounds that the amount involved falls under the trust provisions of article 3-A of the Lien Law, but we can find no provision of article 3-A advanced by appellant which is applicable to the present case (see *York Corp.* v. *1955 Associates,* 20 A D 2d 538; *Glantz Contr. Corp.* v. *1955 Associates,* 20 A D 2d 535, affd. 14 N Y 2d 931). Section 70 (subd. 5, par. [c]) of the Lien Law is clearly not germane here since such subdivision is applicable not to the rent itself but to a sum received from a third party for which the rent is assigned as a security. No such sum or arrangement is here involved. Nor is paragraph (a) of subdivision 6 of section 70 relevant since appellant is not a subcontractor (e.g., *McNulty Bros.* v. *Offerman,* 221 N. Y. 98). Order and judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.