■ MIDEAL HOMES CORPORATION, Appellant, v L & C CONCRETE WORK, INC., et al., Respondents. (Action No. 1.) (And Two Other Actions.) — Appeal by Mideal Homes Corp. from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated July 14, 1981, as denied its application for a joint trial of Action No. 2 with Action No. 1 and Action No. 3. Order reversed insofar as appealed from, without costs or disbursements, and appellant's application granted to the extent that there shall be a joint trial of all three actions. Prior to reaching appellant's arguments, we note that an issue has been raised concerning the timeliness of the appeal. Since a copy of the order and written notice of its entry was never served upon the appellant, the 30-day period to take an appeal as of right never began to run (CPLR 5513, subd [a]; see *Malvin v Schwartz,* 65 AD2d 769, affd 48 NY2d 693). We now turn to the facts of the instant case. Appellant and L & C Concrete made arrangements for L & C Concrete to construct concrete foundations on two parcels of land owned by appellant. J & M Ready Mix Products was to supply the necessary concrete. Appellant asserts that both sets of arrangements were contained in one oral contract made on July 15, 1979. L & C Concrete concedes that the arrangements for the first parcel of land were part of a contract entered into on July 15, 1979. However, it claims the arrangements for the second parcel of land were contained in a separate contract. Appellant was not satisfied with the foundation constructed on the first parcel of land and therefore commenced Action No. 1 to recover damages against L & C Concrete, J & M Ready Mix Products, and their officers for breach of contract. Thereafter L & C Concrete commenced two separate actions against appellant and its principal officer. The first of these actions (Action No. 2) was to recover for goods and services performed in constructing the foundation on the second parcel. The other action (Action No. 3) was for work done on the first parcel. Once issue was joined, appellant moved to consolidate the three actions. In an order dated July 14, 1981, Special Term directed a joint trial of Action No. 1 and Action No. 3. Appellant appeals from so much of the order as did not include Action No. 2 in the joint trial. The ordering of the consolidation or a joint trial of several actions is a discretionary one (see CPLR 602, subd [a]). While this discretion is wide, the present trend favors granting consolidation or a joint trial (2 Weinstein-Korn-Miller, NY Civ Prac, pars 602.01, 602.03; see *Williams v Mascitti,* 71 AD2d 813; *Inspiration Enterprises v Inland Credit Corp.,* 54 AD2d 839, app dsmd 41 NY2d 901; *Maigur v Saratogian Inc.,* 47 AD2d 982). The interests of justice and judicial economy are better served with joint trials wherever possible (see *Gindi v Gindi,* 46 AD2d 650). The actions at bar clearly contain common issues of law and fact in terms of the quality of work performed and the nature of the agreement or agreements. Since L & C Concrete has failed to show that prejudice would result from a joint trial of all three actions, a joint trial is warranted. It was therefore an improvident exercise of discretion to deny a joint trial of the three actions (*Cornell v Reed,* 35 AD2d 809). Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.