■ LAWRENCE MASCIONI, Respondent, CONSOLIDATED RAILROAD CORPORATION, Appellant. (Action No. 1.) CARLTON CHAMPAGNE et al., Respondents, v CONSOLIDATED RAILROAD CORPORATION et al., Appellants. (Action No. 2.) — In two actions to, *inter alia,* recover damages for assault and battery, the defendants in both actions appeal, as limited by their brief from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered March 11, 1982, as upon granting their motion for reargument of a motion to consolidate said actions, adhered to the original decision denying consolidation. Order reversed insofar as appealed from, with one bill of costs, and upon reargument a motion granted to the extent of directing that the actions be jointly tried in Westchester County. The two actions involved herein arose

from the same incident. Each complaint alleges that on March 21, 1980, certain railroad policemen, employed by defendant Consolidated Railroad Corporation, did, among other things, threaten, abuse, assault and falsely arrest the plaintiff or plaintiffs. Clearly, both cases involve common issues of fact and law (see CPLR 602, subd [a]). The bare allegations of prejudice contained in the affirmations of the attorney for plaintiff Mascioni submitted in opposition to the motion to consolidate and the motion for reargument are insufficient to show that a substantial right will be prejudiced by a joint trial. Accordingly, the motion should not have been denied (see *Cantamessa v Greenburg Cent. School Dist. No. 7*, 79 AD2d 670). While defendants' motion sought consolidation, we consider it more appropriate, for various reasons, including the fact that there is not an identity of parties in the two actions, to order a joint trial under the defendants' demand for other and further relief, thus preserving the integrity of the actions (*Padilla v Greyhound Lines*, 29 AD2d 495). Because the first action was commenced in Westchester County and because we perceive no countervailing factor which would demand otherwise, that county should be the site of the trial (*Padilla v Greyhound Lines, supra*). Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.