■ MEL-STU CONSTRUCTION CORP., Appellant, v MELWOOD CONSTRUCTION CORPORATION, Respondent, et al., Defendants. (Action No. 1.) AUGUST FAUSTINI et al., on Behalf of Themselves as Shareholders of MEL-STU CONSTRUCTION CORP., Appellants, v ALBERT PANICCIA, Respondent. (Action No. 2.) — In action No. 1, *inter alia,* to foreclose a mechanic's lien and to recover damages for breach of contract, plaintiff Mel-Stu Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated July 7, 1982, as granted that branch of defendant Melwood Construction Corporation's motion as sought to vacate the note of issue and strike the action from the Trial Calendar. ¶ In action No. 2, a shareholders' derivative action, *inter alia,* to recover damages for an alleged

breach of a fiduciary duty to the corporation, plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated June 30, 1982, as denied their motion to strike the third and fourth affirmative defenses and counterclaims asserted in defendant's answer, and granted defendant's cross motion to consolidate action No. 1 with action No. 2 to the extent of directing a joint trial. The appeal from the order dated June 30, 1982 brings up for review so much of an order of the same court, dated March 9, 1983, resettling the prior order (CPLR 5517, subd [a], par 2; subd [b]), as denied their motion to strike the third and fourth affirmative defenses asserted in defendants answer and ordered a joint trial. ¶ Order dated July 7, 1982 affirmed insofar as appealed from, without costs or disbursements. ¶ Appeal from the order dated June 30, 1982 dismissed, without costs or disbursements. That order was superseded by the resettled order dated March 9, 1983. ¶ Order dated March 9, 1983, modified, on the law, by deleting the word "denied" from the paragraph thereof which determines plaintiffs' motion to strike the third and fourth affirmative defenses and counterclaims asserted in defendant Paniccia's answer and substituting therefor the word "granted"; order dated June 30, 1982 amended accordingly. As so modified, order dated March 9, 1983 affirmed insofar as reviewed, without costs or disbursements. ¶ In 1979, Melwood Construction Corporation (hereinafter Melwood) contracted with the City of New York to perform work on Little Neck Parkway in Queens. Albert Paniccia was president and sole shareholder of Melwood. In March, 1980, Melwood subcontracted the concrete work to Mel-Stu Construction Corp. (hereinafter Mel-Stu). Mel-Stu had been incorporated by Paniccia, August Faustini and Frank Marcoccia for the sole purpose of performing the subcontract work. Each man held a one-third interest in Mel-Stu, and the three were the sole officers and directors of that corporation. This litigation concerns, *inter alia,* a dispute as to whether Mel-Stu completely performed its obligations under the subcontract. ¶ In action No. 1, Mel-Stu sought, *inter alia,* to recover from Melwood moneys allegedly due and owing under the subcontract. In action No. 2, Faustini and Marcoccia, suing Paniccia derivatively on behalf of Mel-Stu, seek to recover moneys on the theory that Paniccia, as a director and officer of Mel-Stu, breached a fiduciary duty to that corporation by converting to Melwood the moneys which allegedly belong to Mel-Stu. ¶ The third affirmative defense and counterclaim asserted in Paniccia's answer in action No. 2 alleges that a mechanic's lien which Mel-Stu filed with the City of New York against the moneys owing to Melwood under the prime contract was willfully and intentionally exaggerated. Plaintiffs' motion to strike that third affirmative defense and counterclaim should have been granted. The third affirmative defense and counterclaim is based upon sections 39 and 39-a of the Lien Law and may only be interposed in an action or proceeding to foreclose a mechanic's lien (see *Joe Smith, Inc. v Otis-Charles Corp.,* 304 NY 684, affg 279 App Div 1). Plaintiffs in the shareholders' derivative action do not seek to foreclose the lien, and accordingly, the third affirmative defense and counterclaim was improperly asserted in action No. 2. ¶ The fourth affirmative defense and counterclaim asserted in Paniccia's answer in action No. 2 alleges that Mel-Stu did not perform its obligations under the subcontract in a good and workmanlike manner and did not complete performance of those obligations. Paniccia claimed that the money Melwood spent to complete the work should be set off against any judgment for plaintiffs in action No. 2. He also demanded affirmative relief by way of a judgment for this money, and for alleged overcharges to Melwood by Mel-Stu for labor and materials not used under the terms of the subcontract. Paniccia, as an individual, lacks standing to assert this counterclaim and defense. A claim of Melwood, belonging to it as a corporate entity, cannot be asserted by Paniccia as a defense to the allegation

in the shareholders' derivative action that he breached a fiduciary duty he owed Mel-Stu as an individual. The distinctive nature of Melwood as a corporate entity persists even though Paniccia owns all of its stock (see *Jenkins v Moyse,* 254 NY 319, 324). ¶ Our review of the record indicates that the interests of justice and judicial economy would be served by a joint trial of the two actions. Hence, Special Term properly exercised its discretion in ordering such a joint trial (see *Mideal Homes Corp. v L & C Concrete Work,* 90 AD2d 789). Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.