■ J & A VENDING, INC., Appellant, v J.A.M. VENDING, INC., Respondent. (And a Third-Party Action.) (Action No. 1.) J & A VENDING, INC., et al., Plaintiffs, v EAGLE & FEIN et al., Defendants. (Action No. 2.) J.A.M. VENDING, INC., et al., Plaintiffs, v MILTON SMALL et al., Defendants. (Action No. 3.) J.A.M. VENDING, INC., Plaintiff, v JERRY DUGGER et al., Defendants. (And a Third-Party Action.) (Action No. 4.) [703 NYS2d 53] —In four related actions, *inter alia,* to recover damages for breach of contract and fraud, which were joined for trial, the plaintiff in Action No. 1, J & A Vending, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December 16, 1998, as denied its motion, *inter alia,* for a separate trial in that action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The denial of the motion of J & A Vending, Inc., *inter alia*, for a separate trial in Action No. 1 was a proper exercise of discretion. A trial court has broad discretion in determining whether to order a joint trial of several actions (*see, Megyesi v Automotive Rentals,* 115 AD2d 596; *Mideal Homes Corp. v L & C Concrete Work,* 90 AD2d 789). The interests of justice and judicial economy are better served by a joint trial in those cases where, as here, the actions share material questions of law or fact (*see, Megyesi v Automotive Rentals, supra,* at 596; *Import Alley v Mid-Island Shopping Plaza,* 103 AD2d 797; *Mideal Homes Corp. v L & C Concrete Work, supra,* at 789). Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.