■ NATIONWIDE ASSOCIATES, INC., Respondent, v TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST, et al., Appellants, et al., Defendants. (Action No. 1.) NATIONWIDE ASSOCIATES, INC., Respondent, v TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST, et al., Appellants, et al., Defendants. (Action No. 2.) TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST, et al., Appellants, v NATIONWIDE ASSOCIATES, INC., Respondent, et al., Defendants. (Action No. 3.) TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST, et al., Appellants, v NATIONWIDE ASSOCIATES, INC., Respondent, et al., Defendants. (Action No. 4.) TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST, et al., Appellants, v NATIONWIDE ASSOCIATES, INC., Respondent, et al., Defendants. (Action No. 5.) TARGEE STREET INTERNAL MEDICAL GROUP, P. C. PROFIT SHARING TRUST et al., Appellants, v NATIONWIDE ASSOCIATES, INC., Respondent, et al., Defendants. (Action No. 6.) [730 NYS2d 349] —In six related actions, *inter alia,* to recover damages for breach of contract, Targee Street Internal Medical Group, P. C. Profit Sharing Trust, Florentino J. Suarez, Individually and as Trustee of Targee Street Internal Medical Group, P. C. Profit Sharing Trust, F. J. Suarez, and Guido J. DiBenedetto appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated July 11, 2000, as, upon reargument, granted the motion of Nationwide Associates, Inc., for consolidation to the extent of directing a joint trial of Action Nos. 1, 2, 3, and 4, and (2) from an order of the same court, dated July 12, 2000, which granted the motion by Nationwide Associates, Inc., for consolidation to the extent of joining Action Nos. 5 and 6 to Action Nos. 1, 2, 3, and 4 for trial purposes.

Ordered that the appeal by Guido J. DiBenedetto from the order dated July 11, 2000, is dismissed, as he is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order dated July 11, 2000 is affirmed insofar as appealed from by the remaining appellants; and it is further,

Ordered that the order dated July 12, 2000, is modified, as a matter of discretion, by deleting the provision thereof granting that branch of the motion which was to join Action No. 5 to Action Nos. 1, 2, 3, and 4 for trial purposes and substituting therefor a provision denying that branch of the motion, as so modified, the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Nationwide Associates, Inc. (hereinafter Nationwide), was in the mortgage banking business in Suffolk County and offered investments in loans secured by mortgages to third parties. The appellants Targee Street Internal Medical Group, P. C. Profit Sharing Trust and its trustee (hereinafter referred to collectively as Targee) invested in various loans held by Nationwide beginning in about 1987. In 1997 and 1998, Nationwide commenced two actions in Suffolk County against, *inter alia*, Targee, in which it alleged that Targee breached their agreements regarding investments in 10 properties (hereinafter Action Nos. 1 and 2, respectively). Targee commenced four actions in Richmond County against Nationwide (hereinafter Action Nos. 3, 4, 5, and 6, respectively). The appellant Dr. Guido DiBenedetto was a plaintiff only in Action No. 5. In the orders appealed from, the Supreme Court, Suffolk County, granted Nationwide's motions for consolidation to the extent of joining the actions filed in Richmond County with the actions filed in Suffolk County for trial purposes, and placed venue of the joint trial in Suffolk County.

A motion for a joint trial pursuant to CPLR 602 (a) rests in the sound discretion of the court. Where common questions of law or fact exist, the motion should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see, Gadelov v Shure,* 274 AD2d 375; *J & A Vending v J.A.M. Vending,* 268 AD2d 505; *Mattia v Food Emporium,* 259 AD2d 527). We find no basis to disturb the Supreme Court's order dated July 11, 2000, consolidating for trial purposes Action Nos. 3 and 4 with Action Nos. 1 and 2. Nationwide established that there were common questions of law and fact in those actions, even though different properties were involved. Nationwide claimed that its fees for servicing Targee's investments in the various loans and its share of profits earned on the resale of properties Targee obtained through foreclosures were governed by the same long-standing agreements. Targee failed to demonstrate any prejudice due to a joint trial of these actions. Since DiBenedetto was not a party to the actions consolidated in the order dated July 11, 2000, he was not aggrieved (*see,* CPLR 5511).

In the order dated July 12, 2000, the Supreme Court properly granted Nationwide's motion insofar as it sought to join Action No. 6 with Action Nos. 1, 2, 3, and 4 for trial. Nationwide presented sufficient proof that the property at issue in Action No. 6 was one of the properties at issue in Action Nos. 1 and 2. However, we conclude that the court improvidently exercised

its discretion in granting Nationwide's motion to join Action No. 5 for trial with the other actions. The claims in Action No. 5 involve property which was not at issue in the other actions and a repurchase agreement which was different from the general agreements governing Nationwide's transactions with Targee. Moreover, this was the only action in which DiBenedetto was a party, and he would be prejudiced if required to litigate his single claim in a lengthy trial involving numerous transactions between Targee and Nationwide over a 10-year period (*see, Glussi v Fortune Brands,* 276 AD2d 586; *Stephens v Allstate Ins. Co.,* 185 AD2d 338).

Where actions commenced in different counties are consolidated for trial pursuant to CPLR 602, venue should be placed in the county where the first action was commenced unless special circumstances exist (*see, Gadelov v Shure, supra*; *Mattia v Food Emporium, supra*). There is no dispute that the first action was commenced in Suffolk County, and we find no basis to disturb the Supreme Court's decision to jointly try the cases there. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.