■ ALSOL ENTERPRISES, LTD., Respondent, v PREMIER LINCOLN-MERCURY, INC., Appellant. [783 NYS2d 620]—

In an action, inter alia, to permanently enjoin the defendant from using or obstructing a certain driveway and parking spaces, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated April 14, 2003, as granted the plaintiff's motion to hold the defendant in contempt and denied that branch of its cross motion which was to vacate a preliminary injunction dated November 21, 2002, and (2) from an order of the same court

also dated April 14, 2003, which granted the plaintiff's motion to consolidate this action with two prior actions.

Ordered that the appeal from so much of the first order as denied that branch of the defendant's cross motion which was to vacate the preliminary injunction dated November 21, 2002, is dismissed as academic; and it is further,

Ordered that the first order is affirmed insofar as reviewed; and it is further,

Ordered that the second order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

By order dated November 21, 2002, the Supreme Court granted the plaintiff's motion for a preliminary injunction, stating, in pertinent part: "[P]reliminary injunction is granted enjoining, restraining, and prohibiting defendant from (a) occupying, possessing, obstructing, and/or using that certain portion of real property used as among other things a driveway and/or parking area which property is owned by movant, for any purpose during the pendency of this action; (b) impeding, interrupting, interfering with and/or otherwise restricting the right of way and/or use of the parking area and the driveway by [the plaintiff], its tenants, designees, licensees and/or assignees during the pendency of this action. All of the above pursuant to the settlement agreement by and between plaintiff and defendant dated June 18, 2001 and [Enterprise's lease]." The plaintiff moved to hold the defendant in contempt and submitted evidence of several alleged violations of this order. The defendant did not dispute the plaintiff's proof, but claimed that, with the plaintiff's permission, it parked its cars in the prohibited area only while its business and the business of Enterprise Rent-A-Car, another tenant of the plaintiff, were closed. Since the defendant admitted that it used the prohibited areas, albeit during non-business hours, there was sufficient evidence of knowing disobedience of the order. Moreover, contrary to the defendant's contention, the plaintiff demonstrated prejudice and the order was unequivocal (*see Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 70 NY2d 233, 240 [1987]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]). In addition, the Supreme Court had before it sufficient evidence to determine with reasonable certainty that the defendant had violated the order (*see Pereira v Pereira,* 35 NY2d 301, 308 [1974]; *Soho Alliance v World Farm,* 300 AD2d 22 [2002]; *Zoda v Zoda,* 121 AD2d 380 [1986]).

Prior to the commencement of this action, the defendant had commenced two actions, both of which involved the possessory

rights to the subject premises. The defendant opposed the consolidation of those actions with this one primarily on the ground that substantial prejudice would result from the delay that such a consolidation would cause. In that regard, "mere delay is not a sufficient basis upon which to deny consolidation" (*Raboy v McCrory Corp.*, 210 AD2d 145, 147 [1994]; *see Moretti v 860 W. Tower*, 221 AD2d 191 [1995]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]; *Marshall v Monegro Invs.*, 132 AD2d 651 [1987]; *Moretti v 860 W. Tower, supra*). Further, the trial court can minimize any prejudice by taking steps to insure that discovery in the instant action is expeditiously completed (*see Fransen v Maniscalco*, 256 AD2d 305 [1998]).

The defendant's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.