■ PERINI CORPORATION, Plaintiff, v WDF, INC., et al., Appellants, et al., Defendants. HERITAGE MANDELL MECHANICAL SERVICES, INC., Nonparty Respondent. [822 NYS2d 295]—

In an action to recover damages for breach of contract, the defendants, WDF, Inc., and Federal Insurance Company, appeal from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 30, 2005, which denied their mo-

tion to consolidate this action with an action entitled *Heritage Mandell Mech. Servs. v WDF, Inc.*, pending in the Supreme Court, New York County, under index No. 602928/04, and to direct that the actions be tried jointly in the Supreme Court, Westchester County, and (2) an order of the same court entered May 10, 2005, which denied their motion for leave to reargue and renew.

Ordered that the appeal from the order entered May 10, 2005 is dismissed; and it is further,

Ordered that the order entered March 30, 2005 is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion which was to direct that the actions be tried jointly in the Supreme Court, Westchester County, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the appellants, payable by the nonparty respondent, and the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in the action entitled *Heritage Mandell Mech. Servs. v WDF, Inc.*, and certified copies of all minutes and entries.

Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Nationwide Assoc. v Targee St. Internal Med. Group, P.C. Profit Sharing Trust*, 286 AD2d 717 [2001]; *Gadelov v Shure*, 274 AD2d 375 [2000]; *J & A Vending v J.A.M. Vending*, 268 AD2d 505 [2000]). A review of the record indicates that the interests of justice and judicial economy would be served by a joint trial of the two actions since both actions concern the same construction project and allege similar acts or omissions by the defendant, WDF, Inc., that led to the alleged breach of each plaintiff's respective contract (*see Stein v Yonkers Contr.*, 244 AD2d 478 [1997]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]; *Mel-Stu Constr. Corp. v Melwood Constr. Corp.*, 101 AD2d 809 [1984]; *Mideal Homes Corp. v L & C Concrete Work*, 90 AD2d 789 [1982]; *H. C. H. Contrs. v Docutel Corp.*, 47 AD2d 539 [1975]). Furthermore, contrary to the nonparty respondent's contention, delay of the trial is not a sufficient basis to justify the denial of a joint trial (*see Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc.*, 11 AD3d 494 [2004]; *Zupich v Flushing Hosp. & Med. Ctr., supra*). Although the appellants moved, inter alia, to consolidate the actions, the more appropriate method of achieving that purpose is a joint trial, particularly since the two ac-

tions involve different plaintiffs (*see Cola-Rugg Enters. v Consolidated Edison Co. of N.Y.*, 109 AD2d 726 [1985]; *Mascioni v Consolidated R. R. Corp.*, 94 AD2d 738 [1983]). Furthermore, venue should be placed in Westchester County because the first action was commenced by the plaintiff, Perini Corporation, in that county and there are no special circumstances which would warrant placement of venue elsewhere (*see Gadelov v Shure, supra*; *Mattia v Food Emporium*, 259 AD2d 527 [1999]; *Gomez v Jersey Coast Egg Producers*, 186 AD2d 629 [1992]).

The appeal from the order entered May 10, 2005 has been rendered academic in light of our determination on the appeal from the order entered March 30, 2005. Additionally, to the extent that the order denied reargument, no appeal lies therefrom. Santucci, J.P., Luciano, Fisher and Covello, JJ., concur.