■ CARMEN MAS-EDWARDS, Respondent, v ULTIMATE SERVICES, INC., et al., Appellants. [845 NYS2d 414]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Pines, J.), dated December 20, 2006, which denied their motion pursuant to CPLR 602 (a) to consolidate the instant action with an action entitled *Illinois Natl. Ins. Co. v Ultimate Servs., Inc.*, pending in the Supreme Court, Nassau County, under index No. 7289/06.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted to the extent of directing a joint trial of the two actions in Suffolk County, and the Clerk of the Supreme Court, Nassau County, shall forthwith deliver to the Clerk of the Supreme Court, Suffolk County, all papers and certified copies of all minutes and entries in the action entitled *Illinois Natl. Ins. Co. v Ultimate Servs. Inc.*, under Nassau County index No. 7289/06.

"Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (*Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]). Here, both actions involve common questions of law and fact and a joint trial will avoid unnecessary duplication of proceedings, save unnecessary costs and expenses and prevent the injustice which would result from divergent decisions based on the same facts (*Gutman v Klein*, 26 AD3d 464, 465 [2006]). Moreover, the plaintiffs, in opposing the motion,

failed to establish that a joint trial would prejudice a substantial right (see *Mattia v Food Emporium*, 259 AD2d 527 [1999]). Although the defendants moved to consolidate the actions, the more appropriate method of achieving that purpose is a joint trial, particularly since the two actions involve different plaintiffs (*Perini Corp. v WDF, Inc.*, 33 AD3d at 606-607). Finally, venue should be placed in Suffolk County because the first action was commenced in that county, and there are no special circumstances which would warrant placement of venue elsewhere (see *Perini Corp. v WDF, Inc.*, 33 AD3d at 607; *Gadelov v Shure*, 274 AD2d 375 [2000]; *Mattia v Food Emporium*, 259 AD2d 527 [1999]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.