■ SPECTRUM PAINTING CONTRACTORS, INC., Plaintiff, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC., et al., Defendants, MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Appellant, and SOLAR ELECTRIC SYSTEMS, INC., Respondent. (And Related Actions.) [864 NYS2d 61]—

In an action, inter alia, to enforce a trust pursuant to Lien Law article 3-A, the defendant Miriam Osborn Memorial Home Association appeals (1) from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered June 29, 2007, as granted that branch of the motion of the additional defendant Solar Electric Systems, Inc., which was for summary judgment determining that the defendant Miriam Osborn Memorial Home Association diverted the sum of $5,415,097.75 in trust funds relating to a certain construction project, and (2), as limited by its brief, from so much of an order of the same court entered October 2, 2007, as, upon reargument, adhered to the original determination and denied that branch of its motion which was for leave to renew.

Ordered that the appeal from the order entered June 29, 2007, is dismissed, as that order was superseded by the order entered October 2, 2007, made upon reargument; and it is further,

Ordered that the order entered October 2, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the additional defendant Solar Electric Systems, Inc.

In 2000, the Miriam Osborn Memorial Home Association (hereinafter Osborn), which owns and operates a retirement community in Westchester County, borrowed approximately $57 million from the Dormitory Authority of the State of New York to finance a capital improvement project. Pursuant to article 3-A of the Lien Law, the proceeds of the building loan constituted a trust fund for the purpose of paying certain statutorily-defined costs of improvement (*see* Lien Law § 2 [5]; §§ 70, 71).

Solar Electric Systems, Inc. (hereinafter Solar), represents the unpaid subcontractors and suppliers who contend, inter alia, that Osborn improperly diverted more than $5 million in trust fund assets when it paid 13 categories of expenses that did not constitute valid costs of improvement within the meaning of the Lien Law.

Contrary to Osborn's contention, the Supreme Court properly granted that branch of Solar's motion which was for summary judgment determining that Osborn diverted the sum of $5,415,097.75 from the construction project. Solar made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the bulk of the disputed disbursements did not constitute costs of improvement within the meaning of Lien Law § 2 (5) and Osborn failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As for the remaining items that could be classified as valid costs of improvement, Osborn failed to file a notice of lending pursuant to Lien Law § 73 (3) or provide any other notice to the trust beneficiaries of the payments; therefore, with respect to the diversion claim, Osborn could not assert the affirmative defense set forth in Lien Law § 73 (2) (*see Raisler Corp. v Uris 55 Water St. Co.*, 91 Misc 2d 217, 220 [1977]).

The Supreme Court providently exercised its discretion in denying that branch of Osborn's motion which was for leave to renew on the ground that it failed to offer a reasonable excuse as to why it did not present the alleged new facts on the prior motion (*see Renna v Gullo*, 19 AD3d 472, 473 [2005]; *Natale v Samel & Assoc.*, 264 AD2d 384, 385 [1999]). In any event, the additional facts would not have supported a change in the court's original determination (*see* CPLR 2221 [e]). Although the court granted that branch of Osborn's motion which was for leave to reargue, it properly adhered to the original determination because there was no evidence that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (*see Foley v Roche,* 68 AD2d 558, 567

[1979]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.