■ LISA WHITEMAN, Appellant, v PARSONS TRANSPORTATION GROUP OF NEW YORK, INC., Doing Business as PARSONS, STEINMAN, BOYNTON, GRONQUIST, & BIRDDSALL, INC., et al., Defendants, and GANDHI ENGINEERING, INC., Respondent. [900 NYS2d 87]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated November 21, 2008, which granted the motion of the defendant Gandhi Engineering, Inc., to transfer venue of this action from Kings County to New York County and thereupon to consolidate this action with two related actions entitled *Fleck v City of New York* and *Chynsky v City of New York*, pending in the Supreme Court, New York County, under index Nos. 403251/04 and 111540/06, respectively.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion which was to consolidate the actions, and substituting therefor a provision granting the motion only to the extent of directing that the actions shall be tried jointly in the Supreme Court, New York County; as so modified, the order is affirmed, without costs or disbursements.

Where common questions of law or fact exist, a motion pursuant to CPLR 602 (a) to consolidate or for a joint trial should be granted absent a showing of prejudice to a substantial right of the party opposing the motion (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]; *Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]; *Nationwide Assoc. v Targee St. Internal Med. Group, P.C. Profit Sharing Trust*, 286 AD2d 717 [2001]). Here, the action commenced in the Supreme Court, Kings County, shares defendants and questions of law and fact in common with two related actions pending in the Supreme Court, New York County (*see Nigro v Pickett*, 39 AD3d 720, 722 [2007]; *Spector v Zuckermann*, 287 AD2d 704 [2001]). Furthermore, the plaintiff failed to show prejudice to a substantial right if this action is transferred to New York County, and mere delay of the trial is not a sufficient basis upon which to deny a motion for consolidation or a joint trial (*see Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc.*, 11 AD3d 494 [2004]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). Moreover, in the absence of special circumstances, where the actions have been commenced in different counties, the place of trial should be in the county where venue of the first-commenced action currently lies (*see Almoghazy v Gonzalez*, 233 AD2d 349, 350 [1996]; *Levertov v Congregation Yetev Lev D'Satmar*, 129 AD2d 680 [1987]; *T T Enters. v Gralnick*, 127 AD2d 651, 652 [1987]). Since venue properly lies in New York County with respect to the first of the three subject actions to be commenced, venue of the action commenced in the Supreme Court, Kings County, was properly transferred to New York County.

However, the respondent's motion to consolidate the three actions should have been granted only to the extent of directing a joint trial, particularly since the actions involve different plaintiffs (*see Perini Corp. v WDF, Inc.*, 33 AD3d at 606-607; *Cola-Rugg Enters. v Consolidated Edison Co. of N.Y.*, 109 AD2d 726 [1985]; *Mascioni v Consolidated R. R. Corp.*, 94 AD2d 738 [1983]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.