Appeal by Michael Mezansky from an order of the Supreme Court, Westchester County (Loehr, J.), entered December 20, 2011, which granted the motion of the plaintiff in a subrogation action to consolidate that action with an action to recover damages for personal injuries, etc., pursuant to CPLR 602, and separate appeal by Angela Penebre from the same order; and appeal by Michael Mezansky from stated portions of an order of the same court entered February 14, 2012.
Ordered that the order entered December 20, 2011, is affirmed; and it is further,
Ordered that the order entered February 14, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The actions underlying these appeals arise from an accident that occurred in June 2008, when a car owned by Angela Penebre and driven by Michael Mezansky (hereinafter together the appellants), allegedly struck the infant plaintiff as he was crossing the street. At the time of the accident, the infant plaintiffs father owned a car which was insured under a policy of insurance issued by the Hanover Insurance Group (hereinafter Hanover). In 2009, the infant plaintiff, by his parents, commenced an action against, among others, the appellants (hereinafter action No. 1). Hanover made payments to the plaintiffs in action No. 1 pursuant to the subject insurance policy’s additional personal injury protection provision. In 2011, Hanover commenced a separate subrogation action against, among others, the appellants, seeking to recover such payments (hereinafter action No. 2). The Supreme Court granted Hanover’s motion to consolidate the two actions pursuant to CPLR 602 (a).
The trial court has broad discretion in determining whether to order consolidation (see J & A Vending v J.A.M. Vending, 268 AD2d 505 [2000]; Megyesi v Automotive Rentals, 115 AD2d 596 [1985]; Mideal Homes Corp. v L & C Concrete Work, 90 AD2d 789 [1982]). The interests of justice and judicial economy are better served by consolidation in those cases where the actions share material questions of law or fact (see Megyesi v Automo *1001 tive Rentals, 115 AD2d 596 [1985]; Import Alley of Mid-Is. v Mid-Island Shopping Plaza, 103 AD2d 797 [1984]). A motion to consolidate should be granted absent a showing of prejudice to a substantial right by a party opposing the motion (see Perini Corp. v WDF, Inc., 33 AD3d 605 [2006]; Beerman v Morhaim, 17 AD3d 302, 303 [2005]; Nationwide Assoc. v Targee St. Internal Med. Group, P.C. Profit Sharing Trust, 286 AD2d 717 [2001]; Gadelov v Shure, 274 AD2d 375 [2000]).
Here, the appellants principally argued that they would be prejudiced if the two actions are tried before the same jury since it will bring to the jury’s attention the existence of insurance in action No. 1 (see Kelly v Yannotti, 4 NY2d 603 [1958]; Christensen v Weeks, 15 AD3d 330 [2005]; Medick v Millers Livestock Mkt., 248 AD2d 864, 865 [1998]; see also Alben v Mid-Hudson Med. Group, PC., 31 AD3d 471 [2006]). However, even assuming that under the circumstances of this case, the appellants would be prejudiced by consolidation, any such prejudice is outweighed by the possibility of inconsistent verdicts if separate trials ensue (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856 [2009]; Millington v Williams, 250 AD2d 977 [1998]; Kupferschmid v Hennessy, 221 AD2d 225 [1995]; Richardson v Uess Leasing Corp., 191 AD2d 394 [1993]). Furthermore, the possibility of such prejudice to the appellants can be mitigated by appropriate jury instructions. Accordingly, the Supreme Court properly granted the motion to consolidate (see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 54 AD3d 748 [2008]).
The appellants’ remaining contentions are not properly before this Court on these appeals.
Skelos, J.E, Leventhal, Hall and Sgroi, JJ., concur.