■ MARIA CUSUMANO, Respondent, v DOMINICK CUSUMANO et al., Appellants. [980 NYS2d 126]—

In an action, inter alia, to impose a constructive trust, the defendants appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 9, 2013, which denied their motion pursuant to CPLR 602 (a) to consolidate this action with two proceedings, both entitled *Matter of Cusumano v Cusumano*, pending in the Family Court, Suffolk County, under docket Nos. F-06045-12/12B and F-06045-12/12C, respectively, or, in the alternative, for a joint trial.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, with costs, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 602 (a) to join this action for trial with two proceedings entitled *Matter of Cusumano v Cusumano*, pending in the Family Court, Suffolk County, under docket Nos. F-06045-12/12B and F-06045-12/12C, respectively, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the Clerk of the Family Court, Suffolk County, shall forthwith deliver to the Clerk of the Supreme Court, Suffolk County, all papers and certified copies of all minutes and entries in the proceedings entitled *Matter of Cusumano v Cusumano*, pending in the Family Court, Suffolk County, under docket Nos. F-06045-12/12B and F-06045-12/12C.

Where common questions of fact or law exist, a motion pursu-

ant to CPLR 602 (a) for consolidation or a joint trial should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Whiteman v Parsons Transp. Group of N.Y., Inc.,* 72 AD3d 677 [2010]; *GAM Prop. Corp. v Sorrento Lactalis, Inc.,* 41 AD3d 645, 646 [2007]). Additionally, consolidation or a joint trial is appropriate "where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (*Viafax Corp. v Citicorp Leasing, Inc.,* 54 AD3d 846, 850 [2008]).

Here, that branch of the defendants' motion which was pursuant to CPLR 602 (a) to join this action for trial with two proceedings entitled *Matter of Cusumano v Cusumano,* pending in the Family Court, Suffolk County, under docket Nos. F-06045-12/12B and F-06045-12/12C, respectively, should have been granted. Common questions of law and fact exist between this action and the two proceedings pending in the Family Court. Furthermore, the plaintiff failed to show prejudice to a substantial right if the Family Court proceedings are tried jointly with this action. A potential delay in the plaintiff's Family Court contempt proceeding is not a sufficient basis upon which to deny that branch of the defendants' motion which was for a joint trial, as the Supreme Court can minimize any prejudice by taking steps to insure that discovery is expeditiously completed (*see Whiteman v Parsons Transp. Group of N.Y., Inc.,* 72 AD3d at 678; *Perini Corp. v WDF, Inc.,* 33 AD3d 605, 606 [2006]; *Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc.,* 11 AD3d 494, 496 [2004]; *Fransen v Maniscalco,* 256 AD2d 305, 306 [1998]).

In the interest of justice and judicial economy, and to avoid inconsistent determinations, this action should be tried jointly with the two pending Family Court proceedings (*see Cieza v 20th Ave. Realty, Inc.,* 109 AD3d 506, 506-507 [2013]). A joint trial, rather than consolidation, is appropriate here, since this action contains parties who are not parties in the Family Court proceedings (*see Matter of Joseph J.,* 106 AD3d 1004, 1006-1007 [2013]; *Mas-Edwards v Ultimate Servs., Inc.,* 45 AD3d 540, 541 [2007]; *Cola-Rugg Enters. v Consolidated Edison Co. of N.Y.,* 109 AD2d 726 [1985]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.