Lombardi v Lombardi (2018 NY Slip Op 05758)





Lombardi v Lombardi


2018 NY Slip Op 05758


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-03748
 (Index No. 26233/11)

[*1]Mary Beth Lombardi, respondent, 
v
Vittorio Lombardi, appellant.


Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.
Ray, Mitev & Associates, Miller Place, NY (Vesselin Mitev and John Ray of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated March 3, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to consolidate this action with an action entitled Lombardi v Lombardi, pending in the same court under Index No. 24554/12, to the extent of joining them for trial, to disqualify the defendant's counsel and her law firm from representing the defendant, and for an award of interim counsel fees in the sum of $10,000, and denied that branch of the defendant's cross motion which was to impose sanctions against the plaintiff's counsel.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to disqualify the defendant's counsel and her law firm from representing the defendant, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of interim counsel fees in the sum of $10,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are married. Prior to their marriage, the plaintiff (hereinafter the wife) and the defendant (hereinafter the husband) entered into a prenuptial agreement setting forth their rights and obligations in the event of a divorce.
The wife commenced this action for a divorce and ancillary relief in 2011. Approximately one year later, the wife commenced a plenary action seeking, inter alia, to set aside the prenuptial agreement on the grounds of duress, coercion, undue influence, and unconscionability, and to recover damages for legal malpractice against the husband's attorney, Dorothy Courten, who drafted the prenuptial agreement on the husband's behalf. In the plenary action, the wife moved, inter alia, to consolidate this action with the plenary action, and the husband and Courten cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the cross motion. This Court thereafter modified the Supreme Court's order by denying those branches of the cross motion which were for summary judgment dismissing causes of action alleging fraudulent inducement against the husband and seeking to set aside or rescind the prenuptial [*2]agreement on the basis of duress, coercion, undue influence, and unconscionability (see Lombardi v Lombardi, 127 AD3d 1038). The award of summary judgment dismissing the complaint insofar as asserted against Courten was affirmed (see id.).
Thereafter, in this action, the wife moved, inter alia, to consolidate this action with the plenary action, to disqualify Courten and her law firm from representing the husband, and for an award of interim counsel fees. The husband opposed the motion and cross-moved, inter alia, to impose sanctions against the wife's counsel. The Supreme Court granted those branches of the wife's motion which were to consolidate this action with the plenary action to the extent of joining them for trial, to disqualify Courten and her law firm from representing the husband, and for an award of interim counsel fees in the sum of $10,000. The court also denied the husband's cross motion. The husband appeals.
The Supreme Court improvidently exercised its discretion in disqualifying Courten and her law firm from acting as the husband's counsel. " A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion'" (Matter of Aaron W. v Shannon W., 96 AD3d 960, 962, quoting Campolongo v Campolongo, 2 AD3d 476, 476). Here, although Courten is no longer a defendant in the plenary action, the wife contends that Courten may be required to testify as a fact witness in light of her involvement in the negotiation and execution of the prenuptial agreement. We disagree.
Rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7[a]). In order to disqualify counsel on the ground that he or she may be called as a witness, a party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 446; Trimarco v Data Treasury Corp., 91 AD3d 756, 757; Daniel Gale Assoc., Inc. v George, 8 AD3d 608, 609). Here, the wife failed to demonstrate that Courten's testimony will be necessary to her case (see Homar v American Home Mtge. Acceptance, Inc., 119 AD3d 901, 901; Magnus v Sklover, 95 AD3d 837, 838-839; Trimarco v Data Treasury Corp., 91 AD3d at 757; Daniel Gale Assoc., Inc. v George, 8 AD3d at 609).
However, contrary to the husband's contention, the Supreme Court providently exercised its discretion in joining for trial this action with the plenary action. "The trial court has broad discretion in determining whether to order consolidation" (Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1000; see CPLR 602[a]). The interests of justice and judicial economy are better served by consolidation or a joint trial in those cases where the actions share material questions of law or fact (see Cusumano v Cusumano, 114 AD3d 633, 633-634; Whiteman v Parsons Tranp. Group of N.Y., Inc., 72 AD3d 677, 678). A motion to consolidate or join for trial should be granted absent a showing of prejudice to a substantial right by a party opposing the motion (see Oboku v New York City Tr. Auth., 141 AD3d 708, 709; Cusumano v Cusumano, 114 AD3d at 634).
Considering that Courten is no longer a defendant in the plenary action, both actions now involve the same parties, as well as common questions of law and fact. Moreover, in light of our determination that Courten may continue to represent the husband, we discern no prejudice to a substantial right of the husband if the actions are joined for trial (see Oboku v New York City Tr. Auth., 141 AD3d at 709; Cusumano v Cusumano, 114 AD3d at 634).
The Supreme Court should not have awarded the wife interim counsel fees in the sum of $10,000 pursuant to Domestic Relations Law § 237, as that statute does not permit the recovery of fees for legal work performed on nonmatrimonial matters, including where, as here, a party seeks an award of counsel fees incurred in an action to set aside a prenuptial agreement (see Hof v Hof, 131 AD3d 579, 581; Witter v Daire, 81 AD3d 719; Anonymous v Anonymous, 258 AD2d 547; Schapiro v Schapiro, 204 AD2d 87; Lamborn v Lamborn, 56 AD2d 623).
The husband's remaining contentions are without merit.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court