**Padilla v Medvedchikov**

2025 NY Slip Op 31532(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 151821/2024

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                                         PART                    21
                                                          *Justice*

-----------------------------------------------------------------------------X

BRENDA PADILLA,

                                        Plaintiff,

                    - v -

VYACHESLAV MEDVEDCHIKOV, THE NEW YORK CITY
TRANSIT AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY BUS COMPANY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, MARCUS HARRISON and GO
NEW YORK TOURS INC.,

                                        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151821/2024 |
| MOTION DATE | 02/14/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 25-58

were read on this motion to/for                    CONSOLIDATE/JOIN FOR TRIAL                 .

Upon the foregoing documents, it is **ORDERED** that the motion for consolidation by defendants Marcus Harrison and Go New York Tours, Inc. is **GRANTED IN PART TO THE EXTENT** of granting a joint trial as to liability and coordinated discovery; and it is further

        **ORDERED** that the cross motion by defendants Vyacheslav Medvedchikov, New York City Transit Authority, Metropolitan Transportation Authority and MTA Bus Company (sued here as Metropolitan Transportation Authority Bus Company), and Manhattan and Bronx Surface Transit Operating Authority for a joint trial and coordinated discovery is **GRANTED**; and it is further

        **ORDERED** the above-captioned action, shall be coordinated for discovery and jointly tried as to liability with the following actions:

(1) *Severino et al. v New York City Transit Authority*, Index No. 152104/2024
(2) *D.B. et al. v Harrison Marcus*, Index No. 152139/2024
(3) *B.R. et al. v Harrison Marcus*, Index No. 157826/2024
(4) *Medvedchikov v Harrison*, 152571/2024
(5) *Caicedo et ano. v Go New York Tours, Inc.*, Index No. 154177/2024
(6) *Ngai v Harrison*, Index No. 153400/2024
(7) *Bencivenga v Go New York Tours*, Index No 154448/2024
(8) *Matias v Medvedchikov*, Index No. 157616/2024
(9) *Kargman et al. v MTA Bus Company*, Index No. 156314/2024

**151821/2024   PADILLA, BRENDA vs. MEDVEDCHIKOV, VYACHESLAV ET AL**                          **Page 1 of 6**
   **Motion No.  001**

[* 1]

(10)  *Parascandolo v MTA Bus Company*, Index No. 450999/2025
(11)  *Zorbas v New York City Transit Authority*, Index No. 159058/2024
(12)  *Hung et al. v Harrison*, Index No. 158296/2024
(13)  *Mira-Padilla v Metropolitan Transportation Authority*, Kings County Index No. 518240/2024;

and it is further

**ORDERED** that, within 30 days from the entry of this order, cross-movants' counsel shall serve a certified copy of this order with notice of entry upon the Clerk of the Supreme Court, Kings County, and shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of the Supreme Court, Kings County to arrange for the effectuation of the transfer of the action *Mira-Padilla v Metropolitan Transportation Authority*, Kings County Index No. 518240/2024, to this Court in an efficient manner; and it is further

**ORDERED** that service upon the Clerk of the Supreme Court, Kings County shall be made in accordance with any applicable protocol or other procedures of said county; and it is further

**ORDERED** that the Clerk of the Supreme Court, Kings County, shall transfer to the Clerk of the Supreme Court, New York County, all of the papers on file in the action *Mira-Padilla v Metropolitan Transportation Authority*, Index No. 518240/2024, Supreme Court, Kings County; and it is further

**ORDERED** that the Clerk of the Supreme Court, Kings County and the Clerk of this court shall coordinate the transfer of the documents being transferred so as to ensure an efficient transfer and to minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

**ORDERED** that, within 30 days from entry of this order, cross-movants' counsel shall serve a copy of this order with notice of entry upon the Clerk of the Supreme Court, New York County; and it is further

**ORDERED** that such service upon the Clerk of the Supreme Court, New York County shall be made in accordance with the procedures set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf);[1] and it is further

---

[1] Pursuant to Section J, service upon the County Clerk of Supreme Court, New York County is done by filing with NYSCEF a completed *Notice to the County Clerk - CPLR § 8019 (c)* (NYSCEF Form EF-22, available on the NYSCEF site) (*id.*).

**151821/2024   PADILLA, BRENDA vs. MEDVEDCHIKOV, VYACHESLAV ET AL**     **Page 2 of 6**
  **Motion No.  001**

**ORDERED** that, upon receipt of the case files of *Mira-Padilla v Metropolitan Transportation Authority*, Index No. 518240/2024, from the Clerk of the Supreme Court, Kings County, the Clerk of this court shall, without further fee, assign a New York County index number to the matter transferred pursuant to this order and shall file under that number the documents transferred; and it is further

**ORDERED** that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents transferred to this court pursuant to this order under the New York County index number assigned to the transferred matter in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the transferred documents; and it is further

**ORDERED** that, within 30 days from entry of this order, cross-movants' counsel shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office, together with a copy of the Request for Judicial Intervention ("RJI") previously e-filed in *Mira-Padilla v Metropolitan Transportation Authority*; and it is further

**ORDERED** that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (link above);[2] and it is further

**ORDERED** that the Clerk of the General Clerk's Office shall assign the transferred action from Supreme Court, Kings County, *Mira-Padilla v Metropolitan Transportation Authority* to the undersigned; and it is further

**ORDERED** that the Clerk of the General Clerk's Office shall reassign the following cases from the Motor Vehicle Part to the Transit Part:

*Medvedchikov v Harrison*, Index No. 152571/2024
*Bencivenga v Go New York Tours*, Index No. 154448/2024;
*B.R. et al. v Harrison Marcus*, Index No. 157826/2024
*Caicedo et ano. v Go New York Tours, Inc.*, Index No. 154177/2024

and it is further

**ORDERED** that, within 30 days from entry of this order, cross-movants' counsel, Giordano, Glaws, Fenstermacher & Nash, LLP, who are also counsel of record in the action below, shall e-file an RJI in the following case:

---

[2] Pursuant to Section J, service upon the Clerk of the General Clerk's Office is done by posting to NYSCEF a copy of the order, with notice of entry (if required by the court), "using the NYSCEF document type 'Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order'" and the filer must provide "as additional information (in the 'Additional Document Information' field) a brief description of the type of order being submitted (e.g., 'Order of Consolidation' . . . ).

151821/2024   PADILLA, BRENDA vs. MEDVEDCHIKOV, VYACHESLAV ET AL                Page 3 of 6
Motion No.  001

3 of 6

[* 3]

*Zorbas v New York City Transit Authority*, Index No. 159058/2024

and the Clerk of the General Clerk's Office shall assign *Zorbas* to the undersigned; and it is further

ORDERED that, upon payment of the appropriate calendar fees and the filing of notes of issue and certificates of readiness (to each of which the filer shall annex a copy of this order with notice of entry) with the General Clerk's Office in each of the following actions:

*Padilla v Medvedchikov*, Index No. 151824/2024
*Severino et al. v New York City Transit Authority*, Index No. 152104/2024
*D.B. et al. v Harrison Marcus*, Index No. 152139/2024
*B.R. et al. v Harrison Marcus*, Index No. 157826/2024
*Medvedchikov v Harrison*, 152571/2024
*Caicedo et ano. v Go New York Tours, Inc.*, Index No. 154177/2024
*Ngai v Harrison*, Index No. 153400/2024
*Bencivenga v Go New York Tours*, Index No 154448/2024
*Matias v Medvedchikov*, Index No. 157616/2024
*Kargman et al. v MTA Bus Company*, Index No. 156314/2024
*Parascandolo v MTA Bus Company*, Index No. 450999/2025
*Zorbas v New York City Transit Authority*, Index No. 159058/2024
*Hung et al. v Harrison*, Index No. 158296/2024
*Mira-Padilla v Metropolitan Transportation Authority*, (NY County Index No. to be assigned)

the Clerk of the General Clerk's Office shall place the aforesaid actions upon the trial calendar for a joint trial as to liability before the undersigned or other Justice of this court; and it is further

ORDERED that the parties in the joined actions are directed to appear for joint preliminary conferences and status conferences, as applicable, on **June 12, 2025 at 9:30 a.m.** in IAS Part 21, 80 Centre Street Room 280, New York, New York.

**The failure to timely e-file RJIs in *Caicedo* and *Zorbas,* as well as any delay in effectuating the transfer of *Mira-Padilla* from Supreme Court, Kings County, may result in an adjournment of all the cases joined for trial and coordinated for discovery until such time as the RJIs have been filed, and the Kings County case has been transferred.**

According to complaint in this action, on July 6, 2023, plaintiff Brenda Padilla was a passenger in a bus operated by defendant Vyascheslav Medvedchikov, which was involved in a motor vehicle collision with a bus operated by defendant Marcus Harrison and owned by defendant Go New York Tours Inc., on East 23rd Street at or near the intersection of First Avenue in Manhattan (*see* NYSCEF Doc No. [complaint] ¶¶ 50-53).

Defendants Marcus Harrison and Go New York Tours, Inc. (the Go New York Defendants) now move for consolidation of this action with 9 other actions involving the same motor vehicle collision. Defendants Vyacheslav Medvedchikov, New York City Transit Authority, Metropolitan Transportation Authority and MTA Bus Company (sued here as Metropolitan Transportation Authority Bus Company), and Manhattan and Bronx Surface Transit Operating Authority (collectively, the Transit Defendants) cross-move for a joint trial and coordinated discovery with four other actions that the Go New York Defendants did not list in their own motion.

The plaintiff in *Bencivenga v Go New York Tours*, Index No 154448/2024 opposes consolidation and argues that a joint trial should be granted instead.

The plaintiff in *Parascandolo v MTA Bus Company*, Index No. 507926/2024 opposes the motion and cross motion, on the grounds that *Parascandolo* is in a different procedural stage from all the others, and that consolidation will only serve to delay the discovery process (*see* affirmation of counsel to plaintiff Romina Parascandolo ¶ 2 [NYSCEF Doc. No. 55]).

It is undisputed that all the cases share common issues of law and fact concerning the operation of the vehicles by Medvedchikov and Marcus Harrison/Harrison Marcus.

Plaintiffs Severino, D.B., C.B., Kargman, Hung, and others were alleged passengers on the Go New York Tours bus operated by Harrison (*see* Exhibit A in support of motion, *Severino* complaint ¶ 77 [NYSCEF Doc. No. 28]; *see* Exhibit G in support of motion, *Kargman* complaint ¶¶ 82, 102, 121 [NYSCEF Doc. No. 33]; *see* Exhibit J in support of motion, *Hung* complaint ¶¶ 77-84 [NYSCEF Doc. No. 36]).

Plaintiffs Caicedo, Ngai, Matias, Parascandalo, Zorbas, Mira-Padilla and others were passengers of the bus operated by defendant Medvedchikov (*see* Exhibit B in support of cross-motion, *Caicedo* complaint ¶ 95 [NYSCEF Doc. No. 44]; *see* Exhibit E in support of motion, *Ngai* complaint ¶ 46 [NYSCEF Doc. No. 31]; *see* Exhibit H in support of motion, *Matias* complaint ¶ 37 [NYSCEF Doc. No. 34]; *see* Exhibit F in support of cross-motion, *Parascandalo* complaint ¶ 95 [NYSCEF Doc. No. 48]; *see* Exhibit G in support of cross motion, *Zorbas* complaint ¶ 74 [NYSCEF Doc. No. 49]; *see* Exhibit I in support of cross motion, *Mira-Padilla* complaint ¶ 6 [NYSCEF Doc. No. 51]).

Although the Go New York defendants moved to consolidate the actions, "the more appropriate method of achieving that purpose is a joint trial, particularly since the . . . actions involve different plaintiffs" (*Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540, 541 [2d Dept 2007]; *Whiteman v Parsons Transp. Group of New York, Inc.*, 72 AD3d 677, 678 [2d Dept 2010]). "Joint trial may nonetheless be preferable in an action where . . . separate plaintiffs face the same defendant for related injuries, where the actions are sufficiently similar to meet the low threshold for consolidation, but sufficiently distinct to make the entry of separate judgments preferable" (Robert L. Haig, 4B New

**151821/2024  PADILLA, BRENDA vs. MEDVEDCHIKOV, VYACHESLAV ET AL**
**Motion No.  001**

**Page 5 of 6**

5 of 6

York Practice, Commercial Litigation in New York State Courts § 73:79 [West's NY Prac Series, 5th ed. & Oct 2023 update]).

Contrary to the argument of plaintiff's counsel in *Parascandolo*, that case is not in a markedly different procedural posture from the other actions. As the preliminary conference order in *Parascandolo* was e-filed on January 7, 2025, *Parascandolo* is still in the early stages of discovery.

As the plaintiff's counsel in *Parascandalo* points out, there was a pending motion in *Parascandalo* to transfer venue as of right to New York County, on the grounds that the cause of action arose in New York County (i.e., the accident occurred in New York County), which apparently has not been opposed. However, the parties in *Parascandalo* stipulated for a change of venue to Supreme Court, New York County, and the action has now been transferred here, which renders academic the argument that this court must await a decision on the pending motion. In any event, joinder of the actions for trial and coordinated discovery in New York County necessarily entails a transfer of the actions filed in other counties to New York County. Thus, granting joinder would render academic that any pending motions for a change of venue to New York County.[3]

Finally, Parascandalo's counsel correctly argues that the cross-motion was untimely served. According to the affidavit of service, the cross-motion was served by regular mail on February 6, 2025, eight days before the return date (NYSCEF Doc. No. 54). However, when papers are served by mail, 5 days must be added to the prescribed period (CPLR 2103 [2]), which means that the cross-motion was not timely served. However, at oral argument on April 29, 2025, the court offered Parascandalo's counsel more time to put in additional papers due to the short service, and Parascandalo's counsel declined.

20250429113314RTSAIE85689389D71472588D6E0B1601D790D

| 4/29/2025 | | | | | RICHARD TSAI, J.S.C. | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| Motion | | GRANTED | | DENIED | X GRANTED IN PART | OTHER |
| Cross Motion | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[3] It appears that there is also a pending motion for a change of venue to New York County in *Mira-Padilla* as well.

**151821/2024  PADILLA, BRENDA vs. MEDVEDCHIKOV, VYACHESLAV ET AL**
**Motion No. 001**

**Page 6 of 6**

[* 6]