■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v RAMPAUL BAILEY et al., Respondents. In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Respondent, v ROBERT HALLETT et al., Respondents. GEICO GENERAL INSURANCE COMPANY, Proposed Appellant; RAMPAUL W. BAILEY, Proposed Respondent. [675 NYS2d 878] —In an action brought in Nassau

County for a judgment declaring that Government Employees Insurance Company does not have to defend or indemnify Rampaul Bailey or Stanley Alison in an underlying personal injury action, and a proceeding commenced in New York County by Country-Wide Insurance Company to permanently stay arbitration of the claim by Robert Hallett and Joan Hallett for uninsured motorist benefits, Government Employees Insurance Company appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated January 20, 1998, which denied its motion to remove the proceeding pending in New York County and to consolidate the two matters in Nassau County.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, and the matters are consolidated in Nassau County.

Although a motion pursuant to CPLR 602 (a) to consolidate two pending matters is addressed to the sound discretion of the trial court, consolidation is favored by the courts in serving the interests of justice and judicial economy (*see, Flaherty v RCP Assocs.,* 208 AD2d 496, 498; *Heck v Waldbaum's Supermarkets,* 134 AD2d 568, 569). As both matters clearly involve similar issues of fact and law, the Supreme Court improvidently exercised its discretion in denying the plaintiff's unopposed motion to consolidate them. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.