■ ALFRED LECORPS, SR., et al., Appellants, v JONATHAN BROMBERG et al., Respondents, and IHS QUEENS DIALYSIS

SOUTH FLUSHING et al., Appellants, et al., Defendant. [6 NYS3d 627]—

In an action to recover damages for medical malpractice, the plaintiffs appeal, and the defendants IHS Queens Dialysis South Flushing, Amilo Layugan, and Sherly Cabrega separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 24, 2013, as denied that branch of the plaintiffs' motion, in which those defendants joined, which was to consolidate the instant action with an action entitled *Lecorps v Chaplia*, pending in the Supreme Court, Queens County, under index No. 8801/2012.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, and that branch of the plaintiffs' motion, in which the defendants IHS Queens Dialysis South Flushing, Amilo Layugan, and Sherly Cabrega joined, which was to consolidate the instant action with an action entitled *Lecorps v Chaplia*, pending in the Supreme Court, Queens County, under index No. 8801/2012, is granted.

"Although a motion pursuant to CPLR 602 (a) to consolidate two pending matters is addressed to the sound discretion of the trial court, consolidation is favored by the courts in serving the interests of justice and judicial economy" (*Government Empls. Ins. Co. v Bailey*, 251 AD2d 627, 628 [1998]). Thus, where common questions of law or fact exist, a motion to consolidate should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Cieza v 20th Ave. Realty, Inc.*, 109 AD3d 506 [2013]; *Hanover Ins. Group v Mezansky*, 105 AD3d 1000 [2013]; *Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]).

Here, the motion by the plaintiffs, joined by the defendants IHS Queens Dialysis South Flushing, Amilo Layugan, and Sherly Cabrega, sought to consolidate two actions that involve common questions of law and fact. In addition, consolidation "will avoid unnecessary duplication of proceedings, save unnecessary costs and expenses and prevent the injustice which would result from divergent decisions based on the same facts" (*Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d at 540). Further, in opposition to the motion, the defendants Jonathan Bromberg, Scott Ames, and Mt. Sinai Hospital (hereinafter the respondents) failed to show prejudice to a substantial right. Therefore, the Supreme Court improvidently exercised its

discretion in denying the motion to consolidate (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]; *Moor v Moor*, 39 AD3d 507, 507-508 [2007]; *Romandetti v County of Orange*, 289 AD2d 386 [2001]; *Government Empls. Ins. Co. v Bailey*, 251 AD2d 627 [1998]).

The respondents' remaining contention is without merit.

Accordingly, we reverse the order insofar as appealed from, and grant that branch of the motion by the plaintiffs, joined by the defendants IHS Queens Dialysis South Flushing, Amilo Layugan, and Sherly Cabrega, which was to consolidate the instant action with the action entitled *Lecorps v Chaplia*, pending in the Supreme Court, Queens County, under index No. 8801/2012. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.