| |
|---|
| **Mabry v City of New York** |
| 2025 NY Slip Op 30927(U) |
| March 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152370/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 05M

-----------------------------------------------------------------------------------X

JOHN MABRY,

                                 Plaintiff,

                      - v -

CITY OF NEW YORK, 2113 FIRST AVENUE, LLC,LMC
CAR WASH & LUBE

                              Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152370/2024 |
| **MOTION DATE** | 03/07/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. HASA A. KINGO:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion for           DISCOVERY and CONSOLIDATION       .

       Defendant 2113 First Avenue, LLC  moves this court for an order: (1) pursuant to CPLR § 602, consolidating this action (Action 1) with the action entitled *John Mabry v. 109th & First Avenue Corp and John Lage*, Index No. 160925/2024 (Action 2), on the ground that both actions arise out of the same occurrence and present common questions of law and fact; and (2) pursuant to CPLR § 3126, striking Plaintiff John Mabry's ("Plaintiff") complaint, or in the alternative, compelling production of discovery. Plaintiff does not oppose the portion of the motion seeking consolidation but has stipulated to the withdrawal of the portion of the motion seeking discovery sanctions (*see* NYSCEF Doc. No. 22).

## BACKGROUND AND PROCEDURAL HISTORY

       This case arises out of a negligence action in which Plaintiff alleges he sustained personal injuries on December 18, 2022, while riding his bicycle in the bike lane between East 109th Street and 1st Avenue in New York, New York. Plaintiff commenced Action 1 against the City of New York, 2113 First Avenue, LLC, and LMC Car Wash & Lube under Index No. 152370/2024. In Action 2, Plaintiff brought a nearly identical action against 109th & First Avenue Corp and John Lage, asserting that these defendants failed to maintain the bike lane in a safe condition.

       Defendant 2113 First Avenue, LLC served discovery demands on Plaintiff on July 9, 2024. Despite multiple good faith follow-ups, Plaintiff did not serve responses, prompting Defendant to move to strike the complaint or compel discovery. However, the parties later stipulated to withdraw that portion of the motion, leaving only the request for consolidation.

[* 1]

## ARGUMENT

Defendant argues that consolidation is appropriate because both actions arise from the same accident, involve the same plaintiff, and concern overlapping legal and factual issues. Consolidation would promote judicial economy, avoid inconsistent rulings, and prevent duplicative discovery. Defendant cites *Lecorps v. Bromberg*, 127 AD3d 931 (2d Dept 2015), which holds that actions should be consolidated where they arise from the same transaction or occurrence and involve common questions of law and fact.

## DISCUSSION

CPLR § 602(a) authorizes a court to consolidate two or more actions when they involve common questions of law or fact. Courts have consistently held that consolidation is favored where it serves the interests of judicial economy and avoids unnecessary duplication of proceedings (*Raboy v. McCrory Corp.*, 210 AD2d 145 [1st Dept 1994]). Here, both actions arise out of the same alleged bicycle accident and concern the same purported hazardous condition. The claims asserted in both actions require an assessment of the same factual and legal issues, including the alleged duty of care owed to Plaintiff by the respective defendants and the proximate cause of his injuries.

Moreover, consolidation would prevent inconsistent rulings on discovery and liability issues (*see Matter of New York City Asbestos Litig.*, 121 AD3d 230, 245 [1st Dept 2014] [finding that consolidation is appropriate where actions involve overlapping legal and factual issues and serve judicial efficiency]). Without consolidation, there is a risk that two separate triers of fact could reach conflicting conclusions regarding liability and damages.

Plaintiff has not opposed consolidation and, in fact, has agreed to it, reinforcing that no prejudice would result from granting the motion. Prejudice sufficient to preclude consolidation must involve more than the mere fact that different legal theories or damages might be pursued in each action. Here, no party has demonstrated that consolidation would unduly burden or disadvantage them.

Accordingly, the motion to consolidate Action 1 and Action 2 is granted.

As such, it is hereby:

ORDERED that the motion is granted and the above-captioned action is consolidated in this court with *John Mabry v. 109th & First Avenue Corp and John Lage*, Index No. 160925/2024, pending in this court; and it is further

ORDERED that the consolidation shall take place under Index No. 152370/2024, and the consolidated action shall bear the following caption:

152370/2024   MABRY, JOHN vs. CITY OF NEW YORK ET AL                                          Page 2 of 4
   Motion No.  001

2 of 4

[* 2]

------------------------------------------------------------------------------X

JOHN MABRY,

                                        Plaintiff,

-against-

CITY OF NEW YORK, 2113 FIRST AVENUE, LLC,
LMC CAR WASH & LUBE, 109th & FIRST AVENUE CORP,
and JOHN LAGE,

                                        Defendants.
------------------------------------------------------------------------------X

; and it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases; and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the aforesaid Protocol; and it is further

ORDERED that the potion of the motion seeking to strike the complaint or compel discovery is withdrawn in accordance with the parties' stipulation (see NYSCEF Doc. No. 22); and it is further

ORDERED that the Clerk of the Differentiated Case Management Part is directed to set the consolidated action for a Preliminary Conference on the earliest available date after a request for the same has been filed with the court.

This constitutes the decision and order of the court.

| **3/21/2025** | | **HASA A. KINGO, J.S.C.** |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152370/2024   MABRY, JOHN vs. CITY OF NEW YORK ET AL   Page 4 of 4
Motion No.  001

[* 4]