Matter of Komarek v The Planning Bd. of Middlesex (2019 NY Slip Op 05843)





Matter of Komarek v The Planning Bd. of Middlesex


2019 NY Slip Op 05843


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


14 CA 18-01676

[*1]IN THE MATTER OF ANDREW R. KOMAREK, PETITIONER-APPELLANT, AND ANKOM DEVELOPMENT LLC, INTERVENOR-PETITIONER,
v
THE PLANNING BOARD OF MIDDLESEX, TOWN BOARD OF MIDDLESEX AND TOWN OF MIDDLESEX, RESPONDENTS-RESPONDENTS. 






MORGENSTERN DEVOESICK PLLC, PITTSFORD (VIVEK J. THIAGARAJAN OF COUNSEL), FOR PETITIONER-APPELLANT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Yates County (William F. Kocher, A.J.), entered February 1, 2018 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the motion of respondents to dismiss the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the resolution of respondent Town of Middlesex (Town) denying his request to be personally reimbursed "at least $79,000.00" in fees paid by ANKOM Development LLC (ANKOM) to the Town in connection with an unsuccessful land development application. Petitioner appeals from a judgment that, inter alia, dismissed his amended petition. Despite being granted intervenor status in the proceeding, ANKOM did not appeal. We affirm.
It is undisputed that petitioner himself paid nothing to the Town and that ANKOM never sought reimbursement from the Town for the fees that it had paid. Thus, the rights of petitioner as a natural person are not actually controverted here, and we therefore conclude that petitioner's amended petition seeks an improper advisory opinion (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 357-358 [1988]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; Hollows at Loch Lea Assn., Inc. v Town of Clarence, 8 AD3d 994, 995 [4th Dept 2004]).
Contrary to petitioner's contention, his ownership of ANKOM is irrelevant to our analysis. "[T]he corporation was formed and the [payments] made [by] it, rather than [by] the individual who owned the corporate stock, because the parties sought to avail themselves of the rights the law accords to those who do business in corporate form under a franchise from the State. The fact that the sole owner of the stock of the corporation is an individual does not change those rights. He did not in his individual capacity [pay] any money" (Jenkins v Moyse, 254 NY 319, 325 [1930]). Thus, a "claim of [ANKOM], belonging to it as a corporate entity, cannot be asserted by [petitioner individually] . . . even though [he] owns all of its stock" (Mel-Stu Constr. Corp. v Melwood Constr. Corp., 101 AD2d 809, 810-811 [2d Dept 1984], citing Jenkins, 254 NY at 324).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court